## DERN v SHOVER

Common Pleas Court, Franklin Co.

Decided April 8, 1940.

R. L. Wildermuth, Columbus, for Dern.
David Evans, Columbus, and Richard
Addison, Columbus, for Shover.

### OPINION

By DUNCAN, J.

This matter was heard upon the oral motion of Millard F. Dern for leave to file an appeal in the Court of Common Pleas, on questions of law, from the decision of Edward S. White. Justice of the Peace, by which decision the Jus-

tice sustained the motion of Robert E. Shover for judgment on the pleadings. The Court has carefully considered the pleadings, the arguments of counsel, and the memoranda and authorities cited. Under the provisions of §10459 GC proceedings to reverse the judgment or final order of a Justice of the Peace in forcible entry and detainer actions may be filed in the Common Pleas Court only by leave of such Court. Dern in his answer claims the right to possession of the premises in question by virtue of an alleged oral lease for said premises made by him with Shover during the month of July, 1939, for the term commencing March 1, 1940, and ending March 1, 1941, and his occupancy of said premises on and subsequent to March 1, 1940 without objection of Shover up until March 20, 1940. This alleged oral lease is within the statute of frauds and void unless taken out from the operation of such statute by part performance in the nature of occupancy of the premises by Dern under the terms of said oral lease.

Sec. 10449 GC, provides:

"If a tenant under an oral tenancy is in default in the payment of rent, he shall forfeit his right of occupancy, and the landlord may, at his option, terminate the tenancy by notifying the tenant, as provided in §10451 GC to leave the premises, for the restitution of which an action may then be brought."

In the answer of Dern it is admitted that he was in default in the payment of rent due Shover, to the extent of $300.00 less a claimed deduction of $16.27 which amount he alleges was paid. Dern having admitted his default in the payment of rent thereby under the statute forfeited his right of occupancy under a parol lease subject to the option of Shover. Having thus forfeited his right of occupancy, his possession of said premises from March 1st to March 20th, 1940,

was at most a tenancy by sufferance and could not constitute such possession as is required to constitute a part performance which would take the oral lease out from the operation of the statute of frauds and render it valid and enforcible.

Such being the situation as disclosed by the pleadings the Court is of the opinion that the action of the Justice of the Peace in sustaining the motion of Shover for judgment in his favor on the pleadings was a proper one, and that this Court in its discretion should not grant leave for the filing of the appeal.

Motion denied. Costs of Dern.